PLUM (PILES v.). See Case No. 7,378.

---

## Case No. 11,231.

### In re PLUMB.

[9 Ben. 279; 17 N. B. R. 76; 6 N. Y. Wkly. Dig. 70.] [1]

District Court, S. D. New York. Jan. 5, 1878.

PARTNERSHIP ADJUDICATION — DISCHARGE OF INDIVIDUALS.

1. Where an individual member of a copartnership is adjudged a bankrupt, without any adjudication against the copartnership, or against the other partners in the copartnership, inasmuch as the assignee of the individual cannot administer the estate of the copartnership, or call third persons to an account for partnership property, the estate of the firm is not in the bankruptcy court in any such wise as to make a discharge of the individual operative in respect to the debts of the firm, provided there are assets of the firm when the bankruptcy proceedings are instituted.

2. Adjudication of the members of a firm, by adjudication of one member of it in one proceeding, and of the remaining members of it in a separate proceeding, with such effect as to bring the firm into bankruptcy, is a thing not contemplated by the statute (section 36 of the act of March 2d, 1867, now section 5121 of the Revised Statutes), nor by general orders Nos. 16 and 18. The adjudication must be made in one proceeding and on one petition, and the two petitions cannot be consolidated. Therefore, the individual member cannot, in his proceeding, be discharged from the debts he owes as a member of the copartnership, and he must, in a given proceeding, be discharged from all his debts or from none.

[Cited in Re White, Case No. 17,533; Re Henry, Id. 6,370.]

[In the matter of James N. Plumb, a bankrupt.]

J. K. Hayward, for bankrupt.

G. A. Seixas, for opposing creditors.

BLATCHFORD, District Judge. On the 29th of February, 1868, at ten o'clock a. m., James N. Plumb filed in this court his petition in voluntary bankruptcy. Annexed to it are a schedule of his debts and an inventory of his estate. The schedule of his debts contains a list headed: "Liabilities of the late firm of J. M. & J. N. Plumb & Co., assumed by the firm of J. M. Plumb & Co.," being Schedule A, No. 3, and unsecured claims, and not liabilities on notes or bills discounted, and thirty-five in number. The schedule of his debts contains also a list (schedule A, No. 4) of liabilities on notes or bills discounted, being fifty-six notes, all of which are stated in said schedule to have been "contracted as copartners by J. M. & J. N. Plumb & Co., and assumed by J. M. Plumb & Co." The same Schedule A, No. 4, contains a list of fifteen other notes, which are stated in said schedule to have been "endorsed by J. M. & J. N. Plumb & Co., and assumed by J. M. Plumb & Co." The makers of the notes are other persons. Said Schedule A, No. 4, also says: "All the above contracted as copartner in firm of J. M. & J. N. Plumb & Co., by endorsement of said paper, composed of James M. Plumb, this petitioner (James N. Plumb), Leonard D. Atwater, and Andrew M. Fanning." The inventory of assets, Schedule B, No. 3, annexed to said petition, contains a list of thirty-eight debts, the list being headed: "Due the late firm of J. M. & J. N. Plumb & Co., and transferred to the firm of J. M. Plumb & Co.—A. Debts due petitioner in open account, that is, due said J. M. & J. N. Plumb & Co., and applicable to payment of debts of that firm."

On the 29th of February, 1868, at 10:18 o'clock a. m., James M. Plumb, Leonard D. Atwater, and Andrew M. Fanning filed in this court their petition in voluntary bankruptcy. Their petition describes them as "partners in trade composing the firm of J.

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission. 6 N. Y. Wkly. Dig. 70, contains only a partial report.]

M. Plumb & Co.," and states that the said petitioners, as such partners in trade in said firm of J. M. Plumb & Co., and as members of the firm of J. M. & J. N. Plumb & Co., composed of your petitioners and of one J. Neale Plumb, of the said city," &c., "have carried on business," &c.; "that the members of said copartnership J. M. Plumb & Co. severally, and the said firm, owe debts," &c., "and are, and said firm of J. N. Plumb & Co. are, unable to pay all their debts in full," &c. The schedule of their copartnership debts contains a list headed: "Liabilities of the late firm of J. M. & J. N. Plumb & Co., assumed by the firm of J. M. Plumb & Co.," being a part of Schedule A, No. 3, and unsecured claims, and not liabilities on notes or bills discounted, and thirty-five in number, and being the same debts and similarly described as the debts, thirty-five in number, above mentioned as set forth in Schedule A, No. 3, to the petition of James N. Plumb. The schedule of their copartnership debts contains also a list (Schedule A, No. 4) of liabilities of J. M. Plumb & Co. on notes or bills discounted, being fifty-six notes, all of which are stated in said schedule to have been "contracted as copartners by J. M. & J. N. Plumb & Co., and assumed by J. M. Plumb & Co.," and being the same notes and similarly described as the notes, fifty-six in number, above mentioned as set forth in Schedule A, No. 4, to the petition of James N. Plumb. The same Schedule A, No. 4, to the petition of James M. Plumb & Co., contains a list of fifteen other notes, which are stated in said schedule to have been "endorsed by J. M. & J. N. Plumb & Co., and assumed by J. M. Plumb & Co.," and to have been "contracted as copartners by J. M. & J. N. Plumb & Co." The makers of the notes are other persons, and the fifteen notes are the same notes, and similarly described, as the notes, fifteen in number, above mentioned as set forth in Schedule A, No. 4, to the petition of James N. Plumb. The inventory of assets, Schedule B, No. 3, annexed to the petition of James M. Plumb & Co., contains a list of thirty-eight debts, which is headed: "Due the late firm of J. M. & J. N. Plumb & Co., and transferred to the firm of J. M. Plumb & Co.—A. Debts due petitioner in open account," and being the same debts, and similarly described, as the debts, thirty-eight in number, above mentioned as set forth in Schedule B, No. 3, to the petition of James N. Plumb.

James N. Plumb and J. Neale Plumb are one and the same person. The ground of jurisdiction set forth in the petition of James N. Plumb is residence in this district for the necessary time. The ground of jurisdiction set forth in the petition of James M. Plumb, Atwater and Fanning is the carrying on of business by them in this district for the necessary time. The two petitions were referred to the same register. The adjudica-

tion of bankruptcy as to James N. Plumb, under his petition, was made on the 16th of March, 1868, and on the same day an adjudication of bankruptcy as to the other three jointly, and three separate adjudications of bankruptcy as to each of them separately, were made under their petition. Under each petition a warrant was issued on the 16th of March, 1868, returnable on the 30th of April, 1868. On the 30th of April, 1868, Charles G. Judson was elected assignee in each case. He accepted each trust on that day, and each election was approved by the judge on the 1st of May, 1868, and on the same day an assignment in each case was executed by the register to the assignee.

James N. Plumb now applies for a discharge from his debts, and it is objected that the court cannot grant him a discharge, because his petition discloses debts owed by the firm of J. M. & J. N. Plumb & Co., and assets belonging to said firm, and that he was a member of said firm, and that he did not make the other three copartners in that firm parties to the petition which he filed; that all the debts from which he seeks a discharge were contracted by him as a member of the firm of J. M. & J. N. Plumb & Co.; that the four should have joined in, or been brought in under, one petition; and that, as the matter stands, this court acquired no jurisdiction over the assets owned by the four jointly, as members of the firm of J. M. & J. N. Plumb & Co., and no jurisdiction to discharge James N. Plumb from any of the debts owed by him as a member of that firm.

The firm of J. M. & J. N. Plumb & Co., composed of James M. Plumb, James N. Plumb, Fanning, and Atwater, was formed December 30th, 1865. It was dissolved December 30th, 1867, and James M. Plumb and Fanning and Atwater then formed a new firm, composed of themselves alone, under the name of J. M. Plumb & Co. The new firm failed on the 14th of February, 1868. On the dissolution of the old firm, the new firm, with the consent of James N. Plumb, took possession and charge of all the assets of the old firm, and proceeded to turn them into money and to pay therewith the debts of the old firm, and did so, to some extent, leaving remaining, at the time the petitions in bankruptcy were filed, the assets and debts set forth in the schedules to the petitions. There was no formal or other transfer by James N. Plumb to the other three, of his interest in the assets, but they acted on their own behalf, and as his agent, in converting into money assets owned by the firm jointly, and in paying therewith debts owed by the firm jointly.

I recently had occasion to examine this question in Crompton v. Conkling [Case No. 3,407], and held, that where an individual member of a copartnership is adjudged a bankrupt, without any adjudication against the copartnership or against the other partners in the copartnership, inasmuch as the as-

signee of the individual cannot administer the estate of the copartnership, or call third persons to an account for partnership property, the estate of the firm is not in the bankruptcy court in any such wise as to make a discharge of the individual operative in respect to the debts of the firm, provided there are assets of the firm when the bankruptcy proceedings are instituted. In addition to the cases referred to in the decision in Crompton v. Conkling, it was held by the district court for New Jersey, in Re Marks [Id. 9,094], May 29th, 1877, that where there are no partnership assets to be collected and paid out, one member of a partnership may, upon his individual petition, be discharged from all his debts, partnership and private; but that if there are assets of a partnership to be collected, the firm must be adjudicated bankrupts, and an assignee be appointed to collect and distribute the same, before any individual members of the firm can be discharged.

It is entirely clear that there were assets of the firm of J. M. & J. N. Plumb & Co., when that firm was dissolved. The assets set forth in the two petitions as having been assets of that firm continued to be assets of that firm, and the property of the four persons who had composed that firm, at the time the two petitions were filed. There never was any transfer of the interest of James N. Plumb in those assets to his copartners. Although the petitions state that the assets named in them were transferred to the firm of J. M. Plumb & Co., yet the testimony shows that this was not the fact. The assignee of James N. Plumb, could not, by virtue of the assignment to him in this proceeding, administer those assets of the firm of J. M. & J. N. Plumb & Co.

It is urged that the firm of J. M. & J. N. Plumb & Co. was and is in bankruptcy, because all four of its members were adjudicated bankrupts—one under one petition, and the other three under a distinct petition; that each petition sets forth the assets and liabilities of that firm; and that that firm, and its members, and its estate, are as much in bankruptcy as it is possible for them to be, if both of the petitions are taken into consideration. But the difficulty is that it is impossible to take both petitions into consideration. It so happened that the same person was made assignee under both petitions. But that was accidental. The copartners of James N. Plumb were not brought into court under his petition, nor did they come into court voluntarily under his petition. If they had resided in another district they might as well have filed their petition in that district. The assignee of James N. Plumb in this proceeding acquired no title to the assets of the firm of J. M. & J. N. Plumb & Co., although the other three members of that firm became bankrupts in another proceeding. Nor did the assignee of the other three, in their proceeding, acquire title to those assets, although James N. Plumb filed his petition in a separate proceeding. Adjudication of the members of a firm, by adjudication of one member of it in one proceeding and of the other members of it in a separate proceeding, with such effect as to bring the firm into bankruptcy, is a thing not contemplated by the statute (section 36 of the act of March 2d, 1867, now section 5121 of the Revised Statutes), nor by general orders Nos. 16 and 18. The clear intention is, that the adjudication of the bankruptcy of the "copartnership," as general orders Nos. 16 and 18 express it, shall be made in one proceeding and on one petition. No provision is made anywhere for a consolidation of two such petitions as those now under consideration. This is not a case of two petitions for the adjudication of the bankruptcy of the same copartnership, in the language of general order No. 16, for, the petition of James N. Plumb prays only for his own adjudication, and the petition of the other three prays only that they three may be adjudged bankrupts.

I am, therefore, of opinion, that his court has not acquired, either by the petition of James N. Plumb, or by the petition of the other three, or both, such jurisdiction over the estate of the copartnership of J. M. & J. N. Plumb & Co., that it can discharge James N. Plumb from the debts he owes as a member of that copartnership. He owes no other debts. Moreover, he must, in a given proceeding, be discharged from all his debts or from none. A discharge is refused.